UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLETTE EFFIE-JILL FORD, ) | |
| a/k/a Colette Effie-Jill Wettling, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-778-SPM |
| ) | |
| FAMILY SERVICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Missouri Department of Social Services' Motion to Dismiss for Lack of Jurisdiction Pursuant to 12(b)(1). (Doc. 13). Plaintiff has filed a response in opposition to the motion. (Doc. 19). For the reasons stated below, the motion will be granted.

**I.     BACKGROUND**

On June 15, 2020, Plaintiff Colette Effie-Jill Ford, acting *pro se*, filed a Complaint in this case against Defendant "Family Services Division." Plaintiff alleges that during counseling she received between 2014 and 2017, Plaintiff was able to remember events that occurred in the 1970s involving Family Services of Missouri. Plaintiff alleges that Family Services failed to oversee its employees, and that as a child she was severely abused and tortured. She seeks $10,000,000.00 in actual and punitive damages. Plaintiff alleges that federal jurisdiction is present because Plaintiff is a citizen of Florida, Family Services is incorporated under the laws of Missouri and has its principal place of business in Missouri, and the amount in controversy exceeds $75,000.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on a lack of subject matter jurisdiction. "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Here, Defendant's motion is based entirely on the face of the pleadings, so the Court construes it as a facial challenge. In evaluating a facial challenge, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Osborn*, 918 F.2d at 729 n. 6). The Court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

## III. DISCUSSION

As a preliminary matter, the Court notes that in its Memorandum of Law in Support of Motion to Dismiss, Defendant Missouri Department of Social Services states that the entity Plaintiff sued—"Family Services"—is a division of the Missouri Department of Social Services, a state agency that was created by statute in 1973. *See* Mem. Supp., Doc. 14, at pp. 2-3 (citing Mo. Rev. Stat. 660.010.3). Plaintiff does not dispute this point.

In the instant motion, Defendant Missouri Department of Social Services requests that the Court dismiss the case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) for two reasons: first, because there is no diversity jurisdiction under 28 U.S.C. § 1332; and second, because the Eleventh Amendment and the doctrine of sovereign immunity bar Plaintiff from bringing her lawsuit in this forum.

The Court first considers Defendant's argument that this Court lacks jurisdiction over Plaintiff's claims under the Eleventh Amendment and the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019) (quoting *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)). It is "a jurisdictional threshold matter." *Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999). "The Eleventh Amendment is 'one particular exemplification of [sovereign] immunity.'" *Church*, 913 F.3d at 742. (quoting *Fed. Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 753 (2002)). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. Amend. XI. "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (noting that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first

exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* (internal quotation marks omitted). The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. For a state to be found to have consented to be sued in federal court, such consent must be "unequivocally expressed." *Pennhurst*, 465 U.S at 99. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Barnes*, 960 F.2d at 65 (quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987)).

In its motion, Defendant argues that it is as an agency of the state of Missouri that is therefore entitled to sovereign immunity unless an exception applies. It argues that neither of the possible exceptions applies. In her response, Plaintiff cites Missouri law governing her claims and argues that she can establish the elements of negligence under Missouri law. She notes that under the Eleventh Amendment, a state may consent to be sued in Federal Court; however, she does not argue that the state of Missouri consented to be sued for claims such as those she raises. Plaintiff also argues that her tort of negligence is permitted under the "Tort Claims Act," and she argues that Defendant does not have immunity against federal cases when Defendant has been entrusted to oversee and protect innocent children and when they completely breach that duty of care, causing a child to be gravely injured and suffer lifelong effects. She argues that due to the horrific breach of the duty of care by government employees, the Eleventh Amendment does not bar states from being sued. Plaintiff also goes into additional detail regarding the facts of her claim.

The Court agrees with Defendant that Defendant is an agency of the state that is entitled to sovereign immunity unless one of the exceptions applies. Several courts have found that the

4

Missouri Department of Social Services, and divisions within that department, are arms or agencies of the state that are entitled to sovereign immunity under the Eleventh Amendment. *See Tex. Cmty. Bank, N.A. v. State of Mo. Dep't of Social Servs.*, 232 F.3d 942, 943 (8th Cir. 2000) (Missouri Department of Social Services, as an agency of the State of Missouri, was entitled to Eleventh Amendment immunity); *Henderson v. Mo. Dep't of Soc. Servs., Family Support Div., Rehab. Servs. for Blind*, No. 4:17 CV 2074 (JMB), 2019 WL 5085870, at *4 (E.D. Mo. Oct. 10, 2019) (noting that "Defendant [Missouri Department of Social Services, Family Support Division, Rehabilitation Services for the Blind] is an agency of the State of Missouri" and holding that Plaintiff's claims against the defendant were barred by sovereign immunity); *Cutts v. Berry*, No. 4:06-CV-41 CAS, 2006 WL 8459116, at *2 (E.D. Mo. Oct. 19, 2006) ("Sovereign immunity extends to states and "arms" of the state. State agencies may assert the Eleventh Amendment immunity of the State . . . Plaintiff's claim against the Missouri Department of Social Services for money damages is therefore barred by the Eleventh Amendment and should be dismissed.").

The Court also agrees with Defendant that neither of the exceptions to Eleventh Amendment immunity applies in this case. Although the nature of Plaintiff's claims is not entirely clear from the Complaint, it appears that she is seeking money damages associated with state tort claims, and her response in opposition to the instant motion suggests that she is asserting a negligence claim. With regard to the first exception, Plaintiff does not appear to argue that Congress has statutorily abrogated states' Eleventh Amendment immunity for negligence claims, nor has the Court's revealed any authority to support that proposition. To the extent that Plaintiff's reference to the "Tort Claims Act" could be construed as an argument that the Congress abrogated

5

Missouri's sovereign immunity by enacting the Federal Tort Claims Act, such an argument is without merit. Through the FTCA, the federal government waived *its own* sovereign immunity as to certain tort claims. *See Demery v. U.S. Dep't of Interior*, 357 F.3d 830, 832 (8th Cir. 2004) (quoting 28 U.S.C. § 2674) ("The FTCA generally waives the federal government's sovereign immunity for certain torts committed by government employees."); s*ee also Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016) ("Under the FTCA the United States has consented to be sued in tort 'in the same manner and to the same extent as a private individual under like circumstances.'") (quoting 28 U.S.C. § 2674). The FTCA does not address the sovereign immunity of the states.

With regard to the second exception, Plaintiff also does not argue that Missouri has waived its sovereign immunity for claims such as Plaintiff's. As Defendant points out, although Missouri has waived its sovereign immunity in certain specific circumstances, none of those circumstances are relevant here. *See* Mo. Rev. Stat. § 537.600 (waiving sovereign immunity for certain claims involving negligent operation of motor vehicles and dangerous conditions on a public entity's property).

Because Defendant is entitled to sovereign immunity on Plaintiff's claims, the Court lacks jurisdiction over the case, and Defendant's motion to dismiss must be granted. The Court need not address Defendant's second argument.

### IV.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction Pursuant to 12(b)(1) (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of jurisdiction.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2020.